## SAM FRANK v. THE STATE.

*No. 3922. Decided November 25.*

1. **Theft—Swindling—Distinction Between.**—The distinction between theft and swindling is, that if the owner is induced to part with his property finally, or to convey title thereto, the crime is swindling. But if the possession of the property only is obtained, and in such manner as is not adequate to pass the title thereto, but only its custody for a time, and thereafter is converted by the taker in persuance of his original design, it is theft.

2. **Same.**—See facts stated which constituted a case of swindling, and not theft, as charged in the indictment.

APPEAL from the County Court of Smith. Tried below before Hon. B. B. Beaird, County Judge.

Appellant was tried under an information, charging him with the theft of five dozen eggs, of the value of $1.50.

At the trial he was convicted, and his punishment assessed at ten days confinement in the county jail, and a fine of $10.

The opinion states all the material facts in the case.

*Woldert & Johnson,* for appellant.

*R. H. Harrison,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—The information charges theft of five dozen eggs, the property of Josephus Warren, from the possession of Clem Vickers, without the consent of either party.

The facts are, that the defendant met the owner in the road or street in the eastern edge of the city of Tyler, and after ascertaining that he owned five dozen eggs, proposed to buy them, and offered the sum of 10 cents per dozen therefor. This was declined; whereupon the defendant then offered the said owner the sum of 15 cents per dozen for the eggs. This offer was also declined, and the parties separated. The eggs were in a wagon driven by Clem Vickers.

The defendant then went to the wagon where he had been informed by Warren the eggs were, and asked Vickers if he had any eggs to sell. Vickers informed defendant that he had. Defendant then informed Vickers that he had bought the eggs from his (Vickers') father. Witness asked defendant how much he had paid for the property, and was told that the price paid was 10 cents per dozen. Vickers replied, "No, you didn't; he didn't sell these eggs for 10 cents per dozen." Defendant then said, "Well, I will give him 15 cents per dozen." "When defendant said he had bought the eggs at 10 cents, I did not believe him; but when he claimed he paid 15 cents per dozen for them I didn't know whether to believe him or not; but, he being a white boy, I supposed he was telling the truth, but I didn't much believe him. I let him have the eggs, and we counted them. There were five dozen. I let him have them because he said he had bought them from Josephus Warren." The defendant paid witness 45 cents for the eggs, and took them.

Do these facts constitute theft? Appellant's contention is that they do not. Under this state of the case, in order to constitute the crime of theft, "the taking must be wrongful, so that, if the property came into the possession of the person accused of the theft by lawful means, a subsequent appropriation of it is not theft; but if the taking, though originally lawful, was obtained by any false pretext, or with any intent to deprive the owner of the value thereof and appropriate the property to the use of the person taking, and the same is so appropriated, the offense of theft is complete." Penal Code, art. 727.

The false pretext here must be resorted to for the purpose of inducing the owner to part with the possession of his property with the ultimate purpose of converting the property to the taker's use and benefit without the consent of the owner. If the owner parted, or intended to part, with the title of the property, the offense could not be theft, but would be swindling.

The distinction between theft and swindling is here: If the owner is induced to part with the property finally, or to convey title thereto, the crime is swindling; but if the possession of the property only is obtained in such manner as is not adequate to pass the title thereto, but only the custody for a time of said property, and thereafter is converted by the taker, in the pursuance of the original design, it is theft. It may be also theft, under the statute of 1887, if the party borrow,

hire, or become bailee of the property converted, even if the fraudulent intent arose subsequent to the obtaining the possession of the property. Willson's Crim. Stats., secs. 1268, 1269, 1292, 1381, 1385.

We are of opinion the contention of appellant is correct, that the facts show a case of swindling and do not constitute the crime of theft; wherefore the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.